## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

|  |  |
|---|---|
| IN RE:<br><br>**Darryll L. Barksdale,**<br>**Sheryl C. Barksdale,**<br>        Debtors. | **CHAPTER 13**<br>**CASE NO.: 18-10622-SDB** |
|  |  |
| **SELENE FINANCE LP,**<br><br>                                        Movant,<br><br>v.<br><br>**Darryll L. Barksdale,**<br>**Sheryl C. Barksdale,**<br>        Debtors,<br>**Huon Le,**<br>        **Trustee,**<br>                                        Respondents. | CONTESTED MATTER |

## <u>MOTION FOR RELIEF FROM THE AUTOMATIC STAY</u>

COMES NOW, Selene Finance LP (the "Movant"), by and through its undersigned counsel, moves for relief from the automatic stay and alleges as follows:

1.

The Court has jurisdiction over this matter pursuant to 11 U.S.C. § 362, FRBP 4001(a), and the various other applicable provisions of the United States Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the laws of the United States of America.

2.

Darryll L. Barksdale and Sheryl C. Barksdale (the "Debtors"), filed a petition for relief under Chapter 13 of the Bankruptcy Code on May 1, 2018.

3.

Movant is the holder or servicer of a loan secured by certain real property in which the Debtor(s) have an interest.  Movant holds a security interest in the Debtor's real property now or formerly known as 3532 Richmond Hill Road, Augusta, Georgia 30906 (hereinafter referred to as "Property") by virtue of a Security Deed dated June 24, 2008. Said Security Deed secures a Note in the original principal amount of $144,855.00. The promissory note has been duly endorsed.  Secured Creditor is the holder of the note ("noteholder"), and is either the original Mortgagee, beneficiary, or assignee of the security instrument for the referenced loan. Noteholder directly or through an agent has possession of the promissory note and the Promissory note is either made payment to noteholder or has been duly endorsed.

4.

Movant alleges that the Debtor(s) are in default to Movant under the terms of the loan documents, having failed to make certain post-petition mortgage payments that have come due.  As of May 3, 2022 the post-petition arrearage owed to Movant is $17,293.61 and consists of eight (8) monthly mortgage payments at $822.65 and twelve (12) monthly mortgage payments at $949.08 for a total of $17,293.61 less a suspense balance of $676.55. An additional payment will come due June 1, 2022 and on the first day of each month thereafter until the loan is paid in full.

5.

Movant further alleges there appears to be no equity in the Property; therefore, the Property is not necessary for effective reorganization.  The current unpaid principal

balance due under the loan documents is approximately $125,016.98.   The Property is most recently valued at $109,965.00 by the Richmond County Tax Assessor's Office.

6.

Movant's security interest in the Property is not adequately protected due to the Debtor(s)' failure to maintain the mortgage payments.

7.

Movant has incurred attorney's fees and costs as a result of filing this motion. These fees and costs are recoverable pursuant to the loan documents, and Movant seeks leave to recover these fees and costs under the remedies available therein.

8.

Pursuant to 11 U.S.C. § 362, Movant alleges that sufficient cause, including lack of adequate protection, exists for the automatic stay to be terminated.

WHEREFORE, Movant respectfully prays to the Court as follows:

(a) That the automatic stay under 11 U.S.C. § 362 be modified to allow Movant to pursue state remedies to protect its security interest in the Property, including, but not limited to, advertising to effectuate a foreclosure sale and gaining possession of the Property; to contact the Debtor via telephone or written correspondence to discuss potential loan workout or loss mitigation opportunities; and to perform property preservation as appropriate;

(b) That Movant's attorney's fees and costs incurred in filing and prosecuting this Motion be recoverable as pursuant to the loan documents and remedies available therein;

(c) That the fourteen (14) day stay of Bankruptcy Rule 4001(a)(3) be waived;

(d) That Movant be permitted to offer and provide Debtor(s) with information regarding a potential forbearance agreement, loan modification, refinance agreement, or other loan workout/loss mitigation agreement, and to enter into such an agreement with Debtor(s).

(e) That in the event of an Order granting relief from the automatic stay and said Order also instructing the Chapter 13 Trustee to cease disbursements on Movant's Proof of Claim, Fed. R. Bank. P. 3002.1 shall no longer apply as to Movant, as said Rule only applies in Chapter 13 cases in which claims secured by a principal residence are provided for under Section 1322(b)(5) of the Code in the Chapter 13 Plan; and

(f) For such other and further relief the Court deems just and proper.

Date: May 11, 2022

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**

/s/ Andrea L. Betts
Andrea L. Betts
Georgia Bar # 432863
10700 Abbott's Bridge Road, Suite 170
Duluth, GA  30097
Telephone: 470-321-7112
Fax: 404-393-1425
Email: abetts@raslg.com

# Supporting Docs

MIN:

Loan Number:

# NOTE

FHA Case No.

| JUNE 24, 2008 | AUGUSTA | GEORGIA |
|---|---|---|
| [Date] | [City] | [State] |

3532 RICHMOND HILL ROAD, AUGUSTA, GEORGIA 30906
[Property Address]

## 1. PARTIES

"**Borrower**" means each person signing at the end of this Note, and the person's successors and assigns. "**Lender**" means  PROFESSIONAL LENDING, LLC

and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY; INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of ONE HUNDRED FORTY-FOUR THOUSAND EIGHT HUNDRED FIFTY-FIVE AND 00/100 **Dollars (U.S. $ 144,855.00 )**, plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of  SIX AND 500/1000 percent ( 6.500 %) per year until the full amount of principal has been paid.

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT

**(A) Time**

Borrower shall make a payment of principal and interest to Lender on the  1st  day of each month beginning on  AUGUST 1, 2008 . Any principal and interest remaining on the  1st  day of JULY, 2038 , will be due on that date, which is called the "Maturity Date."

**(B) Place**

Payment shall be made at  1417 NORTH MAGNOLIA AVENUE, OCALA, FLORIDA 34475

, or at such other place as Lender may designate in writing by notice to Borrower.

**(C) Amount**

Each monthly payment of principal and interest will be in the amount of U.S. $ 915.58 . This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

**(D) Allonge to this Note for Payment Adjustments**

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note.

(Check applicable box.)

- ☐ Growing Equity Allonge
- ☐ Graduated Payment Allonge
- ☐ Other [specify]:

## 5.  BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month.  Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary.  If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

## 6.  BORROWER'S FAILURE TO PAY

### (A) Late Charge for Overdue Payments

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of  FOUR AND  000/1000                    percent (     4.000  %) of the overdue amount of each payment.

### (B) Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest.  Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default.  In many circumstances, regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults.  This Note does not authorize acceleration when not permitted by HUD regulations.  As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

### (C) Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law.  Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

## 7.  WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor.  "Presentment" means the right to require Lender to demand payment of amounts due.  "Notice of Dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8.  GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the Property Address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by delivering it or by mailing it by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9.  OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed.  Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things.  Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in

this Note.  Lender may enforce its rights under this Note against each person individually or against all signatories together.  Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____ (Seal)
DARRYLL L. BARKSDALE          -Borrower

_____ (Seal)
SHERYL C. BARKSDALE          -Borrower

_____ (Seal)
                             -Borrower

_____ (Seal)
                             -Borrower

_____ (Seal)
                             -Borrower

_____ (Seal)
                             -Borrower

WITHOUT RECOURSE PAY TO THE ORDER OF
*Taylor Bean and Whitaker Mortgage Corp*
PROFESSIONAL LENDING, LLC
_____
WILLIAM O. HUNNICUTT, IV
AS ITS PRESIDENT
THIS _June_ DAY OF _24_ _2008_

[Sign Original Only]

Without recourse, pay to the order of

By:  Taylor, Bean & Whitaker
Mortgage Corp.

Erla Carter-Shaw, E.V.P.

After Recording Return To:
J. MILTON MARTIN, JR. P.C.
3740 WALTON WAY EXT
AUGUSTA, GEORGIA 30907
Loan Number:

Book 01182:0625 Augusta - Richmond County
i 06/27/2008 16:03:23.02

_____ [Space Above This Line For Recording Data] _____

## SECURITY DEED

FHA CASE NO.

**MIN:**

THIS SECURITY DEED ("Security Instrument") is given on    JUNE 24, 2008
The grantor is DARRYLL L. BARKSDALE AND SHERYL C. BARKSDALE

("Borrower").

The Security Instrument is given to Mortgage Electronic Registration Systems, Inc. ("MERS") (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns), as beneficiary. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.    PROFESSIONAL LENDING, LLC,

("Lender")

is organized and existing under the laws of  GEORGIA
and has an address of 1056 CLAUSSEN ROAD, STE-212, AUGUSTA, GEORGIA 30907

Borrower owes Lender the principal sum of    ONE HUNDRED FORTY-FOUR THOUSAND EIGHT
HUNDRED FIFTY-FIVE AND 00/100          Dollars (U.S. $  144,855.00    ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on  JULY 1, 2038
This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS with power of sale, the following described property located in
RICHMOND  County, Georgia:

FOR DESCRIPTION, SEE EXHIBIT "A"

FHA GEORGIA SECURITY DEED - MERS
6/96

Page 1 of 8

DocMagic €Rorms 800-649-1362

Elaine C. Johnson, Richmond County Clerk of Superior Court

Book 01182:0626 Augusta - Richmond County
06/27/2008 16:03:23.02

which has the address of    3532 RICHMOND HILL ROAD

[Street]

AUGUSTA                     , Georgia      30906         ("Property Address"):
[City]                                     [Zip Code]

TO HAVE AND TO HOLD this property unto MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, forever, together with all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

**UNIFORM COVENANTS.** Borrower and Lender covenant and agree as follows:

1.   **Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

2.   **Monthly Payment of Taxes, Insurance, and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. § 2601 et seq. and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements

FHA GEORGIA SECURITY DEED - MERS          Page 2 of 8          DocMagic ☎ 800-648-1362
6/96

Elaine C. Johnson, Richmond County Clerk of Superior Court

or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

3. **Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

FIRST, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

SECOND, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

THIRD, to interest due under the Note;

FOURTH, to amortization of the principal of the Note; and

FIFTH, to late charges due under the Note.

4. **Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

5. **Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless the Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations

This document is not to scale.

Instrument Number: Book/Page: 01182/0628 Date Filed: 06/27/2008 16:03:23.02

Book 01182:0628 Augusta - Richmond County
06/27/2008 16:03:23.02

concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

6. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

7. **Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement at the Note rate, and at the option of Lender shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

8. **Fees.** Lender may collect fees and charges authorized by the Secretary.

9. **Grounds for Acceleration of Debt.**

   (a) **Default.** Lender may, except as limited by regulations issued by the Secretary in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

   (i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

   (ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

   (b) **Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j - 3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

   (i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

   (ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property, but his or her credit has not been approved in accordance with the requirements of the Secretary.

   (c) **No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

FHA GEORGIA SECURITY DEED - MERS
6/96

Page 4 of 8

DocMagic *eForms* 800-649-1362

This document is not to scale.

Instrument Number: Book/Page: 01182/0629 Date Filed: 06/27/2008 16:03:23.02
Case:18-10622-SDB Doc#:40 Filed:05/11/22 Entered:05/11/22 09:58:43 Page:14 of 26

Book 01182-0629 Augusta - Richmond County
06/27/2008 16:03:23.02

(d) **Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

(e) **Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 DAYS from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 DAYS from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

**10. Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

**11. Borrower Not Released; Forbearance by Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

Elaine C. Johnson, Richmond County Clerk of Superior Court

STACY, 11/24/2015 12:22:02

This document is not to scale.

Book 01182:0630 Augusta - Richmond County
06/27/2008 16:03:23.02

**16. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

## NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

**18. Foreclosure Procedure.** If Lender requires immediate payment in full under paragraph 9, Lender may invoke the power of sale and any other remedies permitted by applicable law. Borrower appoints Lender the agent and attorney-in-fact for Borrower to exercise the power of sale. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall give copy of a notice of sale to Borrower in the manner provided in paragraph 13 and shall give notice of sale by public advertisement for the time and in the manner prescribed by applicable law. Lender, without further demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Lender determines. Lender or its designee may purchase the Property at any sale.

Lender shall convey to the purchaser indefeasible title to the Property, and Borrower hereby appoints Lender Borrower's agent and attorney-in-fact to make such conveyance. The recitals in the lender's deed shall be prima facie evidence of the truth of the statements made therein. Borrower covenants and agrees that Lender shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorney's fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it. The power and agency granted are coupled with an interest, are irrevocable by death or otherwise and are cumulative to the remedies for collection of debt as provided by law.

---

Instrument Number: Book/Page: 01182:0631 Date Filed: 06/27/2008 16:03:23.02
Case:18-10622-SDB Doc#:40 Filed:05/11/22 Entered:05/11/22 09:58:43 Page:16 of 26

Book 01182:0631 Augusta - Richmond County
06/27/2008 16:03:23.02

If the Property is sold pursuant to this paragraph 18, Borrower, or any person holding possession of the Property through Borrower, shall immediately surrender possession of the Property to the purchaser at the sale. If possession is not surrendered, Borrower or such person shall be a tenant holding over and may be dispossessed in accordance with applicable law.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this paragraph 18 or applicable law.

**19. Release.** Upon payment of all sums secured by this Security Instrument, Lender shall cancel this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

**20. Waivers.** Borrower waives all rights of homestead exemption in the property.

**21. Assumption not a Novation.** Lender's acceptance of an assumption of the obligations of this Security Instrument and the Note, and any release of Borrower in connection therewith, shall not constitute a novation.

**22. Security Deed.** This conveyance is to be construed under the existing laws of the State of Georgia as a deed passing title, and not as a mortgage, and is intended to secure the payment of all sums secured hereby.

**23. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument.

[Check applicable box(es)].

☐ Condominium Rider  ☐ Graduated Payment Rider  ☐ Growing Equity Rider
☐ Planned Unit Development Rider  ☐ Adjustable Rate Rider  ☐ Rehabilitation Loan Rider
☐ Non-Owner Occupancy Rider  ☒ Other [Specify] ACKNOWLEDGMENT WAIVER RIDER

STACY, 11/24/2015 12:22:03

Elaine C. Johnson, Richmond County Clerk of Superior Court

This document is not to scale.

Instrument Number Book/Page: 01182/0632 Date Filed: 06/27/2008 16:03:23.02

Book 01182:0632 Augusta - Richmond County
06/27/2008 16:03:23.02

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in pages 1 through 8 of this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

IN WITNESS WHEREOF, Borrower has signed and sealed this Security Instrument.

_____ (Seal)
DARRYLL L. BARKSDALE          -Borrower

_____ (Seal)
SHERYL O. BARKSDALE          -Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____[Space Below This Line For Acknowledgment]_____

Signed, sealed and delivered on this _24th_ day of _June 2008_ _____ in the presence of:

_____
Unofficial Witness

_____
Notary Public, State of Georgia

Printed Name: _____

My commission expires: _____

FHA GEORGIA SECURITY DEED - MERS
6/96

Page 8 of 8

DocMagic eForms 800-649-1362

Elaine C. Johnson, Richmond County Clerk of Superior Court

STACY, 11/24/2015 12:22:04

This document is not to scale.

Instrument Number:                Book/Page: 01182/0633 Date Filed: 06/27/2008 16:03:23.02

Book 01182:0633 Augusta - Richmond County
06/27/2008 16:03:23.02

### EXHIBIT "A"

ALL that lot or parcel of land with improvements thereon, situate, lying and being in the State of Georgia, County of Richmond, fronting on the north side of Richmond Hill Road a distance of 80 feet and being shown and designated as Lot 17, Block F, Section IV, Mt Vernon Subdivision, as shown on a plat thereof recorded in the Office of the Clerk of the Superior Court of Richmond County, Georgia, in Realty Book 29 – 0, pages 360-365. Reference is hereby being made to said plat for a more complete and accurate description as to the exact metes, bounds, distances and location of said property.

Said property conveyed subject to all easements reservations and or restrictions of record in the aforesaid Clerk's Office.

Map and Parcel No.:

STACY, 11/24/2015 12:22:04

Elaine C. Johnson, Richmond County Clerk of Superior Court

This document is not to scale.

Book 01182:0634 Augusta - Richmond County
06/27/2008 16:03:23.02

Loan Number:

# ACKNOWLEDGMENT AND WAIVER
## OF BORROWER'S RIGHTS RIDER

THIS ACKNOWLEDGMENT AND WAIVER OF BORROWER'S RIGHTS RIDER is made this 24th day of JUNE, 2008 , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Note (the "Note") to PROFESSIONAL LENDING, LLC

(the "Lender") of the same date and covering the property described in the Security Instrument and located at:

3532 RICHMOND HILL ROAD, AUGUSTA, GEORGIA 30906

[Property Address]

**In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree to the following:**

BY EXECUTION OF THIS PARAGRAPH, GRANTOR EXPRESSLY: (1) ACKNOWLEDGES THE RIGHT TO ACCELERATE THE DEBT AND THE POWER OF ATTORNEY GIVEN HEREIN TO LENDER TO SELL THE PREMISES BY NONJUDICIAL FORECLOSURE UPON DEFAULT BY GRANTOR WITHOUT ANY JUDICIAL HEARING AND WITHOUT ANY NOTICE OTHER THAN SUCH NOTICE AS IS REQUIRED TO BE GIVEN UNDER THE PROVISIONS OF THE SECURITY DEED; (2) WAIVES ANY AND ALL RIGHTS WHICH GRANTOR MAY HAVE UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES, THE VARIOUS PROVISIONS OF THE CONSTITUTION FOR THE SEVERAL STATES, OR BY REASON OF ANY OTHER APPLICABLE LAW TO NOTICE AND TO JUDICIAL HEARING PRIOR TO THE EXERCISE BY LENDER OF ANY RIGHT OR REMEDY HEREIN PROVIDED TO LENDER, EXCEPT SUCH NOTICE AS IS SPECIFICALLY REQUIRED TO BE PROVIDED IN THE SECURITY DEED; (3) ACKNOWLEDGES THAT GRANTOR HAS READ THE SECURITY DEED AND THIS PARAGRAPH AND ANY AND ALL QUESTIONS REGARDING THE LEGAL EFFECT OF SAID SECURITY DEED AND ITS PROVISIONS HAVE BEEN EXPLAINED FULLY TO GRANTOR AND GRANTOR HAS BEEN AFFORDED AN OPPORTUNITY TO CONSULT WITH COUNSEL OF GRANTOR'S CHOICE PRIOR TO EXECUTING THE SECURITY DEED; (4) ACKNOWLEDGES THAT ALL WAIVERS OF THE AFORESAID RIGHTS OF GRANTOR HAVE BEEN MADE KNOWINGLY, INTENTIONALLY AND WILLINGLY BY GRANTOR AS PART OF A BARGAINED FOR LOAN TRANSACTION; AND (5) AGREES THAT THE PROVISIONS HEREOF ARE INCORPORATED INTO AND MADE A PART OF THE SECURITY DEED.

ACKNOWLEDGMENT AND WAIVER OF BORROWER'S RIGHTS RIDER
FOR USE WITH GA SECURITY INSTRUMENT
10/31/05     Page 1 of 3     DocMagic EFforms 800-649-1362

Elaine C. Johnson, Richmond County Clerk of Superior Court

STACY, 11/24/2015 12:22:05

Instrument Number  Book/Page: 01182/0635 Date Filed: 06/27/2008 16:03:23.02

Book 01182:0635 Augusta - Richmond County
06/27/2008 16:03:23.02

READ AND AGREED BY GRANTOR:

Signed, sealed and delivered
In the presence of:

_____ Unofficial Witness

_____(Seal)
DARRELL L. BARKSDALE    -Borrower

_____(Seal)
SHERYL G. BARKSDALE     -Borrower

Notary Public
Holly Jones

_____ (Seal)
                              -Borrower

_____ (Seal)
                              -Borrower

_____ (Seal)
                              -Borrower

_____ (Seal)
                              -Borrower

ACKNOWLEDGMENT AND WAIVER OF BORROWER'S RIGHTS RIDER
FOR USE WITH GA SECURITY INSTRUMENT
10/31/08                    Page 2 of 3

DocMagic

Elaine C. Johnson, Richmond County Clerk of Superior Court

STACY, 11/24/2015 12:22:06

This document is not to scale.

Instrument Number    Book/Page: 01182/0636 Date Filed: 06/27/2008 16:03:23.02

Book 01182 0636 Augusta - Richmond County
06/27/2008 16:03:23.02

## CLOSING ATTORNEY'S AFFIDAVIT

Before the undersigned attesting officer personally appeared the undersigned closing attorney, who, having been first duly sworn according to law, states under oath as follows:

In closing the above loan, but prior to the execution of the Security Deed and "Acknowledgment and Waiver of the Borrower's Rights" by the Borrower(s), I or a representative of the firm reviewed with and explained to the Borrower(s) the terms and provisions of the Security Deed and particularly the provisions thereof authorizing the Lender to sell the secured property by a nonjudicial foreclosure under a power of sale, together with the "Acknowledgment and Waiver of Borrower's Rights" and informed the Borrower(s) of Borrower's rights under the Constitution of the State of Georgia and the Constitution of the United States to notice and a judicial hearing prior to such foreclosure in the absence of a knowing, intentional and willing contractual waiver by Borrower(s) of Borrower's rights. After said review with and explanation to Borrower(s), Borrower(s) executed the Security Deed and "Acknowledgment and Waiver of Borrower's Rights."

Based on said review with and explanation to the Borrower(s), it is my opinion that Borrower(s) knowingly, intentionally and willingly executed the waiver of Borrower's constitutional rights to notice and judicial hearing prior to any such nonjudicial foreclosure.

Sworn and subscribed before me this 24th day of

_____ Notary Public

Holly Jones

_____ Closing Attorney

STACY, 11/24/2015 12:22:07

Elaine C. Johnson, Richmond County Clerk of Superior Court

ACKNOWLEDGMENT AND WAIVER OF BORROWER'S RIGHTS RIDER
FOR USE WITH GA SECURITY INSTRUMENT
10/31/05                                    Page 3 of 3

DocMagic eForms 800-849-1362

Filed in this office:
Augusta - Richmond County
06/27/2008 16:03:23.02
Elaine C. Johnson
Clerk of Superior Court

This document is not to scale.

Book 01316-1869 Augusta - Richmond County
10/19/2011 13:33:24.00

This space for Recorder's use

| | |
|---|---|
| Recording Requested By: | When recorded mail to: |
| **Bank of America** | CoreLogic |
| Prepared By: | 450 E. Boundary St. |
| **Diana DeAvila** | Attn: Release Dept. |
| 888-603-9011 | Chapin, SC 29036 |
| 450 E. Boundary St. | |
| Chapin, SC 29036 | |

Property Address:
3532 Richmond Hill Rd
Augusta, GA 30906-4890
GA0:2-ASD 13465425    10/19/2011

MIN #:                                    MERS Phone #: 1

## ASSIGNMENT OF SECURITY DEED

For Value Received, the undersigned holder of a Security Deed (herein "Assignor") whose address is 3300 S.W. 34th Avenue, Suite 101 Ocala, FL 34474 does hereby grant, sell, assign, transfer and convey unto BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP whose address is 451 7TH ST.SW #B-133, WASHINGTON DC 20410 all beneficial interest under that certain Security Deed described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Security Deed.

Original Lender:          **PROFESSIONAL LENDING, LLC**
Made By:                   **DARRYLL L. BARKSDALE AND SHERYL C. BARKSDALE**
Date of Security Deed:    6/24/2008
Original Loan Amount:     $144,855.00

Recorded in Richmond County, G A on: 6/27/2008, book 01182, page 0625 and instrument number 2008030006

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Security Deed to be executed on
10-4-2011

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

By: _____          By: _____

Martha Munoz Vice President             Swanupa Slee Assistant Secretary

Witness: Amanda Stackhouse              Witness: Beverly Brooks
State of California
County of Ventura

On OCT 0 4 2011 before me, __Shannon Steeg__, Notary Public, personally appeared _martha munoz_ and _Swanupa Slee_, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person (s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Notary Public: _____
My Commission Expires: _____            (Seal)

SHANNON STEEG
Commission
Notary Public - California
Los Angeles County
My Comm. Expires May 17, 2013

Filed in this office:
Augusta - Richmond County
10/19/2011 13:33:24.00
Elaine C Johnson
Clerk of Superior Court

**Instrument Number:**   **Book/Page: 00038/8846 Date Filed: 06/22/2011 15:59:24.10**

Book 00038:8846 Augusta - Richmond County
06/22/2011 15:59:24.10
$7.00 FIFA

STATE OF GEORGIA

# DEPARTMENT OF REVENUE

State Tax Execution

REEL 3 PAGE 11

NO.

GEORGIA, FULTON COUNTY

**To All And Singular Sheriffs Of This State, The State Revenue Commissioner Or His Authorized Representatives, Greetings:**

**YOU ARE HEREBY COMMANDED,** that of the goods and chattels, or if lands and tenements of
HENRY B. SCHNEIDER, SS# ████ 1711, D/B/A
JEANETTES FLOWERS AND GIFTS
2505 PEACH ORCHARD ROAD
AUGUSTA, GEORGIA 30906

Book 00022:7432 Augusta - Richmond County
02/03/2006 08:48:08.20
$5.00 FIFA

you cause to be made by levy and sale the sum of the dollars and cents hereinafter shown, said sum representing delinquent tax liabilities of the named taxpayer(s) assessed under the taxing Acts of this State and the Georgia Public Revenue Laws for the taxable period(s)
04/01/89-03/31/91;

DILIGENT SEARCH MADE AND NO
PROPERTY FOUND UPON WHICH TO
LEVY THE WITHIN FI. FA.
THIS ___ DAY OF DEC , 2025 , to wit:

Type Of Tax
(see Legend Below)    (S )    (L )

Amount of Tax,
Penalty and Interest
(Thru 02/25/92) $     7759.87     2144.77

HARRY G. LEACH
TOTAL
(includes $ 25.00 costs)
AUTHORIZED REPRESENTATIVE FOR
STATE REVENUE COMMISSIONER     $     12,074.4

together with interest on the total as shown above at the rate of one (1%) per cent per month from the date of this execution until said total amount is paid, plus all costs which have accrued and which may hereafter accrue.

You are further commanded to pay over to the Department of Revenue of the State of Georgia the aforesaid amounts upon collection thereof and to have you then and there this writ.

Witness the undersigned State Revenue Commissioner of Georgia this 25TH day of FEB

NULLA BONA

March 2 19 99   Marcus Collins

Marcus E. Collins, Sr.
State Revenue Commissioner of Georgia
410 Trinity-Washington
Atlanta, Georgia 30334

The State Revenue Commissioner can find no property of the Defendant on which to levy the above tax execution.

This ___ day of ___

Elaine C. Johnson
CLERK OF SUPERIOR COURT
Richmond County, Georgia

_____
Authorized Representative of the
State Revenue Commissioner

NULLA BONA
DILIGENT SEARCH MADE AND NO
PROPERTY FOUND UPON WHICH TO
LEVY THE WITHIN FI. FA.
THIS ___ DAY OF Jan 19 99

AUTHORIZED REPRESENTATIVE FOR
STATE REVENUE COMMISSIONER

LEGEND (TYPE OF TAX)

| | |
|---|---|
| S | State Sales/Use Tax |
| A | Marta Tax |
| L | Local Option Sales/Use Tax |
| O | One Percent Special County Tax |
| F | Second Motor Fuel Tax |
| I | Income Tax |
| C | Corporate Net Worth Tax |
| W | Withholding Tax |
| E | Estate Tax |
| M | Motor Fuel Tax |
| R | Road Tax on Motor Carriers |
| V | Motor Vehicle License Tax |
| B | |
| 1 | |
| F | |

Filed in this office:
Augusta - Richmond County
06/22/2011 15:59:24.10
Elaine C Johnson
Clerk of Superior Court

| | | |
|---|---|---|
| Principal | $ | 8,068.16 |
| Interest | | 1,796.06 |
| Penalty (s) | | 2,185.19 |
| (f) | | 0.00 |
| Costs | | 25.00 |
| Total | $ | 12,074.41 |

Georgia, Richmond county
Office of the Clerk of the Superior Court.
Entered on General Execution Docket Book

No._____, Page No._____, at _____ A.M, this
_____ day of _____, 19_____.                 P.M.

GA, RICHMOND COUNTY CLERK SUPERIOR COURT
FILED FOR RECORD 23 MAR 1992 AT 11:05AM
RECORDED 23 MAR 1992

STACY, 11/24/2015 12:21:58

Elaine C. Johnson, Richmond County Clerk of Superior Court

Filed in this office:
Augusta - Richmond County
02/03/2006 08:48:08.20
Elaine C. Johnson
Clerk of Superior Court

This document is not to scale.

Book 01515 1098 Augusta - Richmond County
/12/2016 10:26:17.00

2016000714 Augusta - Richmond County

This space for Recorder's use

| Recording Requested By: | When recorded mail to: |
|---|---|
| **Bank of America, N.A.** | Brown & Associates |
| Prepared By: | 2316 Southmore |
| **Diana De Avila** | Pasadena, TX 77502 |
| **800-444-4302** | |
| **1800 Tapo Canyon Road** | |
| **Simi Valley, CA 93063** | |

Property Address:
**3532 Richmond Hill Road**
**Augusta, GA 30906-4890**
GA0v2-ASD 30377960    9/29/2014  GSE731A

## ASSIGNMENT OF SECURITY DEED

For Value Received, the undersigned holder of a Security Deed (herein "Assignor") whose address is **1800 TAPO CANYON ROAD, SIMI VALLEY, CA 93063** does hereby grant, sell, assign, transfer and convey unto **SELENE FINANCE LP** whose address is **9990 RICHMOND AVE SUITE 400 SOUTH, HOUSTON, TX 77042** all beneficial interest under that certain Security Deed described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Security Deed.

| | |
|---|---|
| Beneficiary: | **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR PROFESSIONAL LENDING, LLC, ITS SUCCESSORS AND ASSIGNS** |
| Made By: | **DARRYLL L. BARKSDALE AND SHERYL C. BARKSDALE** |
| Date of Security Deed: | 6/24/2008 |
| Original Loan Amount: | $144,855.00 |

Recorded in Richmond County, GA on: 6/27/2008, book 01182, page 0625 and instrument number

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Security Deed to be executed on
___OCT 0 3 2014___

**BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP, FKA COUNTRYWIDE HOME LOANS SERVICING LP**

By: _____          By: _____
    Mercedes Judilla                        Sebul Muradyan
    Assistant Vice President                Assistant Vice President

Witness: _____        Witness: _____
         Talisha Wallace                          Beverly Brooks

Book 01515:1099 Augusta - Richmond County
01/12/2016 10:26:17.00

State of California
County of Ventura

On **OCT 03 2014** before me, **Trisha Jackson** , Notary Public, personally appeared **Mercedes Judilla** and **Srbui Muradyan** , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person (s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Notary Public: _____ Trisha Jackson _____ (Seal)
My Commission Expires: _____ May 19, 2018 _____

TRISHA JACKSON
COMM.#
NOTARY PUBLIC - CALIFORNIA
VENTURA COUNTY
My Comm. Expires May 19, 2018

Filed in this office:
Augusta - Richmond County
01/12/2016 10:26:17.00
Elaine C. Johnson
Clerk of Superior Court

DocID#



# Online Appeal

Would you like to submit an appeal to the Board of Assessors? Click Here for more information.

**Appeal to Board of Assessors**

## Summary

| | |
|---|---|
| Parcel Number | |
| Location Address | 3532 RICHMOND HILL RD |
| Legal Description | MOUNT VERNON (00400) 017-F |
| | (Note: (Note: Not to be used on legal documents.)) |
| Class | R3 - Residential Lots |
| | (Note: (Note: This is for tax purposes only. Not to be used for zoning.)) |
| Tax District | (002) RICHMOND COUNTY |
| Millage Rate | |
| Acres | 0.28 |
| Neighborhood | 6C3111 - 6C3111 MOUNT VERNON |
| Homestead Code | Yes - S1 |
| Topography | ROLLING |



View Map

## Owner

## Land

## Residential Improvement Information

## Accessory Information

## Sales

## Area Sales Report

## Valuation (Appraised 100%)

⊞ Columns ⌄

| Year | Property Class | LUC | Appraised Land | Appraised Building Value | Total Appraised Value |
|---|---|---|---|---|---|
| 2021 | R3 | 001 | $23,000 | $86,965 | $109,965 |

⊞ Show Historical Appraised Values

## Valuation (Assessed 40%)

⊞ Columns ⌄

| Year | Assessed Land | Assessed Building Value | Total Assessed Value |
|---|---|---|---|
| 2021 | $9,200 | $34,786 | $43,986 |

### Information

**Richmond County, GA**
535 Telfair Street Suite 120
Augusta, GA 30901

**Chief Appraiser**
(706) 821-2310

**Real Property**
Residential
(706) 821-2312

**Commercial/Industrial**
(706) 828-7172

**Personal Property**
(706) 821-2323

**Specialized Assessment/Mapping**
(706) 821-2315

### Announcements

How to use the Beacon site – view Demo Videos